**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLYN HAZUKA, an individual;<br>Plaintiff,<br>v.<br>SEAWORLD PARKS & ENTERTAINMENT, INC., et al.,<br>Defendants. | Case No. 26-cv-2914-WQH-DEB<br>**PROTECTIVE ORDER**<br>**[DKT. NO. 14]** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action contain or constitute confidential, proprietary, private, and/or privileged information. The parties have agreed to be bound by the terms of this Protective Order (“Order”) in this action.

The confidential information and materials to be exchanged throughout the course of the litigation between the parties may contain or constitute confidential, proprietary, private, and/or privileged information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. In this Stipulation and Order, the words set forth below shall have the following meanings:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; reports; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects; and/or any other materials either party reasonably deems confidential, proprietary, private, and/or privileged information.

3. The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Schwartz Semerdjian Cauley Schena & Bush LLP and Westlake Injury Law.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, responses to request for production of documents, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as

"CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": A party or non-party subject to the Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c). All confidential information and materials bearing this designation shall be produced to the parties' counsel and shall not be disclosed to anyone, except as set forth in paragraph seven below.

b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may only designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party qualifies for protection under Federal Rule of Civil Procedure 26(c). All confidential information and materials bearing this designation shall be produced to the parties' counsel and shall not be disclosed to anyone.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and

must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court. The parties' counsel, their staff, experts, and experts' staff shall not, under any circumstances, sell, offer for sale, advertise, or otherwise publicize either the contents of the confidential information and materials, or communicate the fact that they have obtained the confidential information and materials from the other party except in accordance with the terms of this Order.

7. Information designated "CONFIDENTIAL " shall be produced to the parties' counsel and shall not be disclosed to anyone except that any such confidential information and materials may be:

a. Furnished and disclosed by counsel of a receiving party to experts to assist in the preparation of this litigation for trial. Prior to disclosing the confidential information and materials to any such expert, a receiving party shall have such expert acknowledge in writing that he or she is fully familiar with the terms of this Order, agrees to comply with and be bound by this Order until modified by a further Order of the Court, and consents to the jurisdiction of the Court for purposes of enforcing this Order in a form such as that attached as **Exhibit A** hereto.

b. Viewed by regular employees of the parties' counsel, assigned to and necessary to assist counsel in the preparation of trial and pretrial discovery in this case.

c. Viewed by the parties themselves.

8. Information designated as "CONFIDENTIAL - FOR COUNSEL ONLY" shall be produced to the parties' counsel and shall not be disclosed to anyone.

9. With respect to materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of

the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

10. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation. Any copies so distributed shall be returned to counsel immediately upon the completion of the purpose for which the person was retained in this case.

11. **Objection to Designation of Confidential Materials**. The parties will use reasonable care to avoid designating any documents or information as confidential which contains information generally available to the public which is in fact not confidential. At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

12. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such

information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. The requested Order shall not limit a party's right to: (a) seek modification of the Order from the Court or the opposing party, or (b) to object to or otherwise oppose production or admission of any document or information on grounds other than its confidentiality.

14. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

16. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is

protected as privileged or as attorney work product.

17. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

18. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information and materials. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

20. **Disposition of confidential documents.** Upon termination of this litigation whether by final judgment, after appeal, or by settlement, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

21. **What the Court shall do with confidential documents.** Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the

parties understand that the Court will destroy any confidential documents in its possession.

22. **Modification of the Order by the Court.** The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

23. **Relation to any Court or Local Rules.** Without separate court order, the Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

24. **Filing documents under seal.** No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of trial.

27. It is expressly understood and agreed that any person who violates the terms and conditions of this Order consents to the jurisdiction of this Court and may be subject to sanctions in the event of unauthorized use.

**IT IS SO ORDERED.**

Dated: September 17, 2026

Daniel E. Butcher
United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE AND CONSENT TO BE BOUND**

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered in *Caroyln Hazuka v. Sea World LLC et al.*, Case No. 3:26-cv-2914-WQH-DEB. I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition to being provided access to the confidential information and materials or information derived therefrom.

Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Order.

I also agree, pursuant to the terms of the Order to return all confidential information and materials, including copies thereof to Plaintiff's counsel or Defendant's counsel, at the conclusion of this litigation so they may be returned to the party that produced them.

I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by the parties to the litigation and are not waived by the disclosure provided for herein. Further, in the event the breach of the Written Assurance, I recognize that parties to this litigation may pursue all civil remedies available to them as third-party beneficiaries of the Written Assurance. I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this _____ day of ____________, 20__, at __________________________________.

______________________________
[Signature]

______________________________
[Print Name]
Title: ______________________